■ AGDI DELSOIN, an Infant, by JEAN-LOUIS CHERY, as Guardian ad Litem, Respondent, v GEMMA VIDALE, Defendant, and MARGARETTE DELSOIN et al., Appellants. [610 NYS2d 816] — In an action to recover damages for personal injuries, the defendants Margarette Delsoin and Demitri Ambroise appeal from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 28, 1992, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that the plaintiff established a prima facie showing of "serious injury" within the meaning of Insurance Law § 5102 (d). Thus, the court correctly denied the appellants' motion for summary judgment dismissing the complaint insofar as it is asserted against them *(see,* Insurance Law § 5104 [a]; *Licari v Elliott,* 57 NY2d 230). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.

■ LAWRENCE DEUTSCHER, Respondent, v MID-ISLAND AMUSEMENT INC. et al., Defendants, and ALL COUNTY AMUSEMENTS, INC., Appellant. [610 NYS2d 816] —In an action to recover damages for personal injuries, the defendant All County Amusements, Inc., appeals from an order of the Supreme Court, Queens County (Milano, J.), dated May 12, 1992, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The appellant failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering evidence demonstrating the absence of material issues of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.